UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Keith Lynn and Jennifer Lynn,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | Case No. 2:20-cv-4277-MBS<br><br>**COMPLAINT**<br>(28 U.S.C. § 2674) |

Plaintiffs Keith Lynn and Jennifer Lynn, complaining of Defendant United States of America, hereby allege as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Keith Lynn ("Keith") resides in the State of South Carolina and has been a patient at the U.S. Department of Veterans Affairs ("VA") facility in Charleston, South Carolina.

2. Plaintiff Jennifer Lynn ("Jennifer") resides in the State of South Carolina. She is married to Keith and resides with him.

3. Defendant United States of America is a body politic that operates through its executive branch an agency of government known as the VA, which, among other services, provides health care services to veterans of the U.S. military branches. At all times material to this action, Defendant, through the VA, was responsible for the correct response to Keith's health care needs.

4. Plaintiffs, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (hereinafter "FTCA"), seek compensatory damages arising from Defendant's negligence in failing to adhere to the prevailing professional standard of care that is generally recognized as acceptable and appropriate by reasonably prudent similar health care providers.

1

5. Jurisdiction is proper in that this action is premised upon federal causes of action under the FTCA. Specifically, the Court has jurisdiction of the instant action pursuant to 28 U.S.C. § 1331, in that this case arises under the FTCA, and pursuant to 28 U.S.C. § 1346, in that this Court has original jurisdiction over all claims against the United States of America and the various agencies thereof, including the VA.

6. Pursuant to the FTCA, Plaintiffs, on or about October 4, 2019, presented their claims to the appropriate federal agency for administrative settlement. As of the date of this filing, Plaintiffs have received neither a denial nor an acceptance of their claims.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1402(b), as Plaintiffs reside this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

**Cause of Action for Medical Negligence (Keith Lynn)**

8. On or about January 15, 2019, Keith presented at the VA's Charleston facility with pain and swelling of his right leg. At that time, Keith had a history of pain and swelling of his leg and was being followed by podiatrists at the VA for a diagnosis of Charcot's joint disease.

9. After presentation on January 15, 2019, the non-podiatry staff at the VA diagnosed osteomyelitis and performed a below the knee amputation of Keith's right leg.

10. That there was insufficient evidence to support a diagnosis of osteomyelitis and the amputation performed on January 17, 2019, was unnecessary.

11. That, subsequent to the amputation in January 2019, complications developed, requiring amputation of the leg above the knee.

12. That Defendant failed to adhere to the applicable standards of care, such that Defendant's failures deviated from the applicable standard of care imposed upon the doctors.

2

13. That, as a direct and proximate result of Defendant's negligence, Keith has suffered damage in that his right leg has been amputated above the knee. This has resulted in pain and suffering, disability, disfigurement, loss of enjoyment of life, and other actual damages.

### Cause of Action for Loss of Consortium (Jennifer Lynn)

14. Jennifer incorporates and re-alleges the allegations of Paragraphs 1 through 13 as if they were set forth herein verbatim.

15. As a direct and proximate result of Keith's disability caused by Defendant's negligence, Jennifer has suffered a loss of consortium. In particular, Keith's amputation and confinement to a wheelchair necessitated Jennifer to provide continuous care for him, and she has therefore experienced a loss of Keith's companionship, aid, society, and services that she enjoyed before Defendant's negligent acts.

Wherefore, Plaintiffs Keith Lynn and Jennifer Lynn pray for a judgment against Defendant United States of America for their actual damages as may be determined by this Court in a sum that is fair and just and consistent with Plaintiffs' submitted claims.

Respectfully submitted,

TINKLER LAW FIRM LLC

 /s/ Paul E. Tinkler
Paul E. Tinkler (D.S.C. No. 4108)
William P. Tinkler (D.S.C. No. 11794)
P.O. Box 366
Charleston, SC  29402
(843) 853-5203
(843) 261-5647 (fax)
paultinkler@tinklerlaw.com
williamtinkler@tinklerlaw.com

Stephen F. DeAntonio (D.S.C. No. 1049)
DeANTONIO LAW FIRM, LLC
P.O. Box 30069
Charleston, SC 29417

sdeantonio@deanlawfirm.com

December 9, 2020

*Counsel for Plaintiffs*

4