UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Keith Lynn and Jennifer Lynn, <br><br> Plaintiffs, <br><br> vs. <br><br> United States of America, <br><br> Defendant. | Case No. 2:20-cv-04277-JD <br><br><br> **PLAINTIFFS' RULE 26(f) DISCOVERY PLAN AND LOCAL CIVIL RULE 26.03 RESPONSES** |

Plaintiffs Keith Lynn and Jennifer Lynn, by and through their undersigned counsel, hereby provide the following Rule 26(f) Discovery Plan and Additional Information Required by Local Civil Rule 26.03 (the "Discovery Plan").

Plaintiffs submit this Discovery Plan based on information presently known to them and in accordance with the Court's Conference and Scheduling Order filed March 29, 2021 ("Scheduling Order"). ECF No. 14.

At this time, Plaintiffs have not completed their investigation of the facts underlying this lawsuit, nor have the parties completed their discovery or preparation for trial. Accordingly, this Discovery Plan is submitted without prejudice to Plaintiffs' right to amend, supplement, or change these disclosures pursuant to the Federal Rules of Civil Procedure and/or Local Civil Rules for the District of South Carolina. This Discovery Plan is also subject to correction for inadvertent errors or omissions, or changed circumstances.

Plaintiffs also expressly reserve all objections to the use of this Discovery Plan or any of the information or documents referenced herein for any purpose in this case or any other proceeding. By referring to individuals and documents in the Discovery Plan, Plaintiffs make no representations regarding the relevance or admissibility of any particular information that such

individuals may possess, or such documents may contain. Nothing in this statement shall affect a waiver of Plaintiffs' rights to object to any future discovery requests on any basis.

## I.     The Subjects on Which Discovery May Be Needed

For Plaintiffs, discovery in this case will concern obtaining evidence supporting the negligence of an employee of Defendant United States of America relating to the diagnosis and treatment of Plaintiff, Keith Lynn, and concerning the extent of Plaintiffs' damages, including, but not limited to, medical costs, pain and suffering, and loss of consortium.

## II.    When Discovery Should Be Completed

Plaintiff anticipates that discovery can be completed within the deadlines imposed by the controlling Scheduling Order.

## III.   Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on Particular Issues

Plaintiff does not believe discovery should be conducted in phases or be limited to particular issues.

## IV.    Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced

Plaintiff does not anticipate any issues concerning electronically stored information at this time.

## V.     Any Issues About Claims of Privilege or of Protection as Trial Preparation Materials, Including – if the Parties Agree on a Procedure to Assert These Claims After Production – Whether to Ask the Court to Include Their Agreement in an Order

This is a negligence case under the Federal Tort Claims Act, primary concerning Plaintiff's actual damages resulting from a misdiagnosis and improper medical treatment. In light of the likely evidence, Plaintiff does not anticipate any issues necessitating an agreement on the protection of privileged communications or trial preparation materials. Plaintiff reserves all rights

to assert claims of privilege or protection as trial preparation materials permitted under the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or other applicable law.

**VI.    Any Other Orders that the Court Should Issue Under Rule 26(c) or Under Rule 16(b) and (c) of the Federal Rules of Civil Procedure**

At this time, Plaintiff does not anticipate the need for the Court to issue any orders under Rule 26(c) or Rule 16(b) and (c) of the Federal Rules of Civil Procedure.

**VII.    What Changes Should Be Made in the Limitations on Discovery Imposed Under These Rules or by Local Rule, and What Other Limitations Should Be Imposed**

Plaintiff believes no changes should be imposed beyond the default rules and the deadlines imposed in the controlling Scheduling Order.

**VIII.    Additional Information Pursuant to Local Civil Rule 26.03**

**A.    Facts of the Case**

Plaintiffs' complaint alleges Defendant's negligent medical care has actually and proximately caused damages to Plaintiffs. *See* 28 U.S.C. § 2674. Specifically, they allege that, on or about January 15, 2019, Plaintiff, Keith Lynn, presented at the VA's Charleston facility with pain and swelling of his right leg. Mr. Lynn had a history of pain and swelling of his leg and was receiving ongoing treatment by a podiatrist at the VA for a diagnosis of Charcot's joint disease. While Mr. Lynn's medical records indicated clinical signs, symptoms, and radiographic and imaging changes consistent with Charcot's joint disease, a diagnosis of osteomyelitis was made— that is, an incorrect diagnosis was made. Resulting from this misdiagnosis, and in departure from the applicable standard of care, Mr. Lynn's right leg was unnecessarily amputated below the right knee. Subsequent to the amputation below the knee, complications developed requiring an additional amputation above the knee. The negligent treatment of Mr. Lynn has resulted in pain and suffering, disability, disfigurement, loss of enjoyment of life, and other actual damages.

Additionally, Defendant's negligent treatment of Mr. Lynn has resulted in Plaintiff Jennifer Lynn to suffer loss of consortium.

  **B.**  **Fact Witnesses Likely to Be Called and a Brief Summary of Their Expected Testimony**

    1.  <u>Plaintiff Keith Lynn</u>: Plaintiff is expected to testify regarding the facts and circumstances surrounding the medical treatment giving rise to this action, his medical treatment and expenses incurred as a result of the negligent treatment, and additional damages sustained, such as pain and suffering and loss of enjoyment of life.

    2.  <u>Plaintiff Jennifer Lynn</u>: Plaintiff is expected to testify regarding the facts and circumstances surrounding the medical treatment giving rise to this action, the medical treatment and expenses incurred as a result of the negligent treatment, and additional damages sustained, such as loss of consortium.

    3.  <u>Christina Lynn</u>: Ms. Christina Lynn is Plaintiffs' daughter and is expected to testify regarding Plaintiff's damages, including ability to perform common tasks (i.e. household duties, driving, yardwork) before the negligent medical care and his inability or difficulty in doing so afterwards.

    4.  <u>Autumn Fralix</u>: Ms. Fralix is expected to testify regarding Plaintiff's damages, including the difficulty in performing activities of daily living due to the use of a wheelchair and economic losses, such as home accessibility modifications.

    5.  <u>Ralph H. Johnson VA Medical Center Agents and Employees</u>: VA Medical Center Agents and Employees initially evaluated and treated Plaintiff for Charcot joint disease and eventually performed a leg amputation. Medical agents and employees are expected to testify regarding Plaintiff's medical diagnosis, treatment, and medical costs incurred.

6. <u>Dr. Debbie Byron, DPM</u>: Dr. Byron is a podiatry specialist at the Ralph H. Johnson VA Medical Center. She initially evaluated and treatment Mr. Lynn for Charcot foot disease. Dr. Byron has knowledge of and is expected to testify regarding Plaintiff's medical diagnosis and treatment.

7. <u>Dr. Otis E. Engleman, MD</u>: Dr. Engelman is an attending physician at the Ralph H. Johnson VA Medical Center who participated in the care and treatment of Mr. Keith. Dr. Engleman has knowledge of and is expected to testify regarding Plaintiff's medical diagnosis and treatment.

8. <u>Dr. William Hernandez-Alicia</u>: Dr. Hernandez-Alicia is an attending physician at the Ralph H. Johnson VA Medical Center who participated in the care and treatment of Mr. Keith. Dr. Hernandez-Alicia has knowledge of and is expected to testify regarding Plaintiff's medical diagnosis and treatment.

9. <u>Dr. Shelby Lynn Allen, MD</u>: Dr. Allen is an attending surgeon at the Ralph H. Johnson VA Medical Center who participated in the care and treatment of Mr. Keith. Dr. Allen has knowledge of and is expected to testify regarding Plaintiff's medical diagnosis and treatment.

10. <u>Dr. Thomas Brothers, MD</u>: Dr. Brothers is an attending surgeon at the Ralph H. Johnson VA Medical Center who participated in the care and treatment of Mr. Keith. Dr. Brothers has knowledge of and is expected to testify regarding Plaintiff's medical diagnosis and treatment.

11. <u>Dr. John McAlhany, MD</u>: Dr. McAlhany is an attending physician at the Ralph H. Johnson VA Medical Center who participated in the care and treatment of Mr. Keith. Dr. McAlhany has knowledge of and is expected to testify regarding Plaintiff's medical diagnosis and treatment.

12.     <u>Dr. Neil Glover, MD</u>: Dr. Glover is an emergency room physician at the Ralph H. Johnson VA Medical Center who participated in the care and treatment of Mr. Keith. Dr. Glover has knowledge of and is expected to testify regarding Plaintiff's medical diagnosis and treatment.

13.     <u>Dr. Peter A. Rosenthal, MD</u>: Dr. Rosenthal is a staff radiologist at the Ralph H. Johnson VA Medical Center who participated in the care and treatment of Mr. Keith. Dr. Rosenthal has knowledge of and is expected to testify regarding Plaintiff's medical diagnosis and treatment.

14.     <u>Dr. Rahn A. Ravenell, DPM</u>: Dr. Ravenell is a podiatry specialist who treated Mr. Lynn for Charcot foot disease. Dr. Ravenell has knowledge of and is expected to testify regarding Plaintiff's medical diagnosis and treatment.

15.     Any other medical care providers identified in discovery who may testify as to the care provided to Plaintiff.

16.     Any witnesses identified by Defendant.

**C.     The Names and Subject Matter of Expert Witnesses (if No Witnesses Have Been Identified, the Subject Matter and Field of Expertise Should Be Given as to Experts Likely to Be Offered)**

1.      <u>Dr. Allen M. Jacobs, DPM, FACFAS, FAPWA</u>: Dr. Jacobs is a Doctor of Podiatric Medicine with 40-years' experience treating patients who suffer from diabetes, neuropathy, and Charcot joint disease.

2.      Plaintiff has not identified additional expert witnesses, but Plaintiff will seek expert testimony from his treating physicians identified in Section VIII.B above.

**D.     A Summary of the Claims or Defenses with Statutory and/or Case Citations Supporting the Same.**

Plaintiff respectfully refers the Court to Section VIII.A above.

**E.    Absent Special Instructions From the Assigned Judge, Proposed Dates for the Following Deadlines Listed in Local Civil Rule 16.02: (a) Exchange of Federal Rule of Civil Procedure 26(a)(2) Expert Disclosures; and (b) Completion of Discovery**

Plaintiff respectfully refers the Court to the controlling Scheduling Order.

**F.    Any Special Circumstances that Would Affect the Time Frames Applied In Preparing the Scheduling Order**

Plaintiff does not anticipate any special circumstances that would affect the time frames in the controlling Scheduling Order.

**G.    The Parties Shall Provide Any Additional Information Requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or Otherwise Requested by the Assigned Judge**

Plaintiff is unaware of any additional information requested by the Court.

Respectfully submitted,

TINKLER LAW FIRM LLC

 /s/ Paul E. Tinkler
Paul E. Tinkler (D.S.C. No. 4108)
William P. Tinkler (D.S.C. No. 11794)
P.O. Box 366
Charleston, SC  29402
(843) 853-5203
(843) 261-5647 (fax)
paultinkler@tinklerlaw.com
williamtinkler@tinklerlaw.com

Stephen F. DeAntonio (D.S.C. No. 1049)
DeANTONIO LAW FIRM, LLC
P.O. Box 30069
Charleston, SC 29417
sdeantonio@deanlawfirm.com

June 15, 2021                                                          *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2021, I served **PLAINTIFFS' RULE 26(f) DISCOVERY PLAN AND LOCAL CIVIL RULE 26.03 RESPONSES** on Defendant's counsel of record by filing same with the Court's CM/ECF system.

        /s/ Paul E. Tinkler
Paul E. Tinkler (D.S.C. No. 4108)